PHYLLIS SPARKS-MAGDALUYO
216 Bridgeview Drive
San Francisco, CA 94124
Telephone: (415) 647-4477

Plaintiff *Pro Se*



**MEJ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHYLLIS SPARKS- MAGDALUYO, an
individual,

               Plaintiff,

   v.

NEW PENN FINANCIAL, LLC a Delaware
limited liability corporation; and DOES 1
through 100, inclusive,

               Defendant.

-------------------------------------------------

**CV16    4223**

Case No.:

**PLAINTIFF'S COMPLAINT**

**Fraud**
**Quiet Title**
**Violation of FTC Act, 15 U.S.C. § 45(a)**
**Violation of Real Estate Settlement**
**Procedures Act (RESPA), 12 U.S.C. §2605**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff PHYLLIS SPARKS-MAGDALUYO ("Plaintiff") and complains
as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332(a)
because the amount in controversy exceeds $75,000 and no plaintiff shares a state of citizenship
with any defendant.

2.    The Court is the proper venue for this action under 28 U.S.C. Section 1391 because
one or more of the defendants either resides in or maintains executive offices in this district and all
of the relevant real estate is located in this county.

## II.  **PARTIES**

3.      Plaintiff was and at all times herein mentioned is, a resident of the County of San Francisco in the State of California and the lawful owner of a parcel of real property commonly known as 216 Bridgeview Drive, San Francisco, California 94590 (hereinafter "Subject Property").

4.      At all times herein mentioned, Defendant NEW PENN FINANCIAL, LLC, is and was, a Delaware limited liability company doing business as "Shellpoint Mortgage Servicing" (hereinafter "Shellpoint") and at all times herein mentioned was conducting ongoing business in the state of California and claims an interest adverse to the right, title, and interests of Plaintiff in Subject Property.

## III.  **FACTUAL ALLEGATIONS**

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.

33.

34.

35.

36.

37.

38.

39.

40.

41.

42.

PLAINTIFF'S COMPLAINT

43.

44.

45.

46.

47.

48.

9.      On or about March 22, 2005, Plaintiff became a borrower to a mortgage note in the amount of $377,000 with Quick Loan Funding, Inc., Corporation (hereinafter "Quick Loan") signing as the lender (hereinafter, the "Loan").  The loan was secured by the Subject Property via a deed of trust owned by Quick Loan.

10.     On or about, April 15, 2008, a public auction was held in which the Subject Property was allegedly sold to Robert T. Dunn and the Dunn Family Trust (hereinafter "Dunn") for $112,475.12.

11.     On or about April 28, 2008, FCI National Lender Services, Inc., (hereinafter "FCI") the purported trustee of the Loan, recorded a document entitled "Trustee's Deed Upon Sale" with the San Francisco County Recorder (hereinafter "Deed Upon Sale").  The Deed Upon Sale states that FCI served as trustor for a deed of trust securing the Subject Property and dated September 13, 2006 and executed by Plaintiff.  Moreover, the Deed Upon Sale states that FCI grants its rights and interests in the Subject Property to Dunn (a 99% undivided interest) and to Homesavers, a California Corporation (a 1% undivided interest).  The Deed Upon Sale goes on to claim the same deed of trust was recorded on June 29, 2006.  **The legitimacy of this document is called into question since the purported conveyance date of the deed of trust dated September 13, 2006 is claimed to have taken place more than three months** prior **to the deed of trust's recording date.  This is a legal impossibility.**  Moreover, the recording date of June 29, 2006 appears to be handwritten, alluding to forgery and fraudulent activity.  *See* Exhibit 1.

12.     On or about April 17, 2012, Quick Loan assigned the deed of trust secured by the Subject Property to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2005-SD2 (hereinafter "The Bank of New York").

13.     At some point subsequent the Loan's origination, Bank of America, N.A. purported to be the servicer of the Loan.

14.     On or about February 15, 2014, Resurgent Capital Services, L.P. purported to be the servicer of the Loan.

15.     On or about March 1, 2014, Shellpoint purported to be the servicer of the Loan and subsequently began foreclosure activity against the Subject Property.

16.     On or about October 26, 2015, Plaintiff sent a written correspondence to Shellpoint constituting a "qualified written request" in an attempt to determine whether or not Shellpoint had the proper authority to foreclose against the Subject Property pursuant the Loan and its accompanying deed of trust.  The correspondence requested pertinent documents pertaining to the loan's origination, as well as assignments and transfers of the Loan and its accompanying deed of trust.  To date, Shellpoint has failed to provide evidence of documentation detailing updated assignments of ownership or necessary proof of its custodial servicing obligations to the Loan (originally owned by Quick Loan) per RESPA and FDCPA guidelines surrounding mortgage debt validation.   Shellpoint has also failed to provide proof of purchases, affidavits of sale, and proper documentation detailing the restructuring of assignments of the deed of trust.

17.     Via its agent, Law Offices of Les Ziev (hereinafter "Les Ziev"), Shellpoint has attempted to foreclose upon the Subject Property on a number of occasions by scheduling trustee sale dates on various dates, including (but not limited to) November 9, 2015; December 9, 2015;

and December 22, 2015.  *See* Exhibit 2.  However, Shellpoint has failed to provide documentation legitimizing its ability to foreclose upon the Subject Property.

18.     Moreover, Shellpoint and Les Ziev have alleged that an owner of the loan is Homesavers, a California Corporation (hereinafter "Homesavers").  However, the California Secretary of State shows no active corporation or entity by the name of "Homesavers."  *See* Exhibit 3.

## IV.     CAUSES OF ACTION
### 1 CAUSE OF ACTION
#### Fraud

19.     Plaintiff realleges and incorporates by reference paragraphs 1 to 18 of this Complaint.

20.     Fraud occurs under any of the following circumstances: When there is an affirmative misrepresentation — the suggestion, as a fact, of that which is not true by one who does not believe it to be true; a concealment or half truth — the suppression of a fact, by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or a false promise — a promise made without any intention of performing it.

21.     **Fraud also occurs when a defendant makes an untrue representation of a material fact without a reasonable ground for its truth or in a manner not warranted by the available information.**  Such a representation must be made with the intent that the plaintiff would and did rely on it, to his detriment and harm.

22.     In this matter, Defendant affirmatively misrepresented material facts, knowing that its representations were false and by making its representations without reasonable grounds, with the intent that Plaintiff would rely on its misrepresentations, all to Plaintiff's harm.

23.     These affirmative misrepresentations were made knowingly by Defendant through its customer services representatives and agents (including Les Ziev).

24.     Defendant perpetrated its fraud in actions which included but were not limited to the following activities, and as described with specificity in the factual allegations of this claim and the aforementioned factual statements on numerous occasions:

     a.  On or about April 28, 2008, FCI, the purported trustee of the Loan, recorded a Deed Upon Sale with the San Francisco County Recorder. The Deed Upon Sale states that FCI served as trustor for a deed of trust dated September 13, 2006 and executed by Plaintiff. Moreover, the Deed Upon Sale states that FCI grants its rights and interests in the Subject Property to Dunn (a 99% undivided interest) and to Homesavers (a 1% undivided interest). The Deed Upon Sale goes on to claim the same deed of trust was recorded on June 29, 2006. **The legitimacy of this document is called into question since the purported conveyance date of the deed of trust dated September 13, 2006 is claimed to have taken place more than three months prior to the deed of trust's recording date. This is a legal impossibility.** Moreover, the recording date of June 29, 2006 appears to be handwritten, alluding to forgery and fraudulent activity.

     b.  Moreover, Shellpoint and Les Ziev have alleged that an owner of the loan is Homesavers. However, the California Secretary of State shows no active corporation or entity by the name of "Homesavers."

     c.  Shellpoint has communicated to Plaintiff that is has the authority to collect payments pursuant the Loan. In actuality, Plaintiff does not have the authority to collect payments pursuant the Loan because the Deed Upon Sale is legally impossible and fraudulent. Furthermore, Shellpoint refuses to provide valid

documentation legitimizing its purported role of servicer of the Loan and Dunn and Homesaver's purported role as owner of the Loan.

d. Via its agent, Les Ziev, Shellpoint has communicated to Plaintiff that is has the authority to foreclose upon the Subject Property on a number of occasions by scheduling trustee sale dates on various dates, including (but not limited to) November 9, 2015; December 9, 2015; and December 22, 2015. In actuality, Plaintiff does not have the authority to collect payments pursuant the Loan because the Deed Upon Sale is legally impossible and fraudulent. Furthermore, Shellpoint refuses to provide valid documentation legitimizing its purported role of servicer of the Loan and Dunn and Homesaver's purported role as owner of the Loan.

25. Plaintiff justifiably relied on all of Defendant's misrepresentations and omissions since Defendant is a reputable mortgage servicer. In reliance upon Defendant's misrepresentation, Plaintiff has expended unnecessary funds towards foreclosure prevention and foreclosure alternatives when in actuality, Shellpoint, Dunn, and Homesavers, and Les Ziev do not have the authority to foreclose.

26. Plaintiff was damaged as a result Defendant's fraudulent actions since Plaintiff made numerous mortgage payments to illegitimate loan servicers and illegitimate entities purporting to be owners of the Loan. As a result of such payments, Defendant has been unjustly enriched while Plaintiff has incurred court fees to enforce her legal rights and has suffered the slander of her representation due to the fact that illegitimate foreclosure proceedings have been attributed to her and reported to credit reporting agencies and bureaus. Plaintiff has also suffered the slander of her representation due to the fact that she has been forced to file Chapter 13 bankruptcy due to the financial plight caused by the Loan. Moreover, Plaintiff has expended

unnecessary funds towards foreclosure prevention and foreclosure alternatives when in actuality, Shellpoint, Dunn, and Homesavers, and Les Ziev do not have the authority to foreclose.

27.     Plaintiff was unaware of Defendants' fraudulent actions at the time of occurrence. A reasonable person in Plaintiff's situation would not have been aware of Defendant's fraudulent actions and a reasonable investigation would not have uncovered Defendant's elaborate and covert fraud. Plaintiff did not discover her claims against Defendant until Defendant provided her with the fraudulent Deed Upon Sale in November of 2015.

## 2 CAUSE OF ACTION

### Quiet Title

28.     Plaintiff realleges and incorporates by reference paragraphs 1 to 27 of this Complaint.

29.     Shellpoint, Dunn, Homesavers, or Les Ziev were not parties to the note and deed of trust executed by Plaintiff on or about March 22, 2005.

30.     Plaintiff has not been provided evidence of any transfers concerning the alleged beneficiary of the note attributed to the Loan.

31.     There is no identifiable and lawful beneficiary to whom indorsements of the note attributed to the Loan have been made and to whom assignments of the mortgage attributed to the Loan have been properly made.

32.     Defendant does not have the legal right to collect upon the Loan until the legal right of the beneficiary to engage in this activity has been established. This is accomplished, when requested by the Plaintiff, by the production of the Loan's note with indorsements and the production of the assignment of the Loan's mortgage in favor of the current beneficiary.

33.     On or about April 28, 2008, FCI, the purported trustee of the Loan, recorded a Deed Upon Sale with the San Francisco County Recorder. The Deed Upon Sale states that FCI

served as trustor for a deed of trust dated September 13, 2006 and executed by Plaintiff. Moreover, the Deed Upon Sale states that FCI grants its rights and interests in the Subject Property to Dunn (a 99% undivided interest) and to Homesavers (a 1% undivided interest). The Deed Upon Sale goes on to claim the same deed of trust was recorded on June 29, 2006. **The legitimacy of this document is called into question since the purported conveyance date of the deed of trust dated September 13, 2006 is claimed to have taken place more than three months prior to the deed of trust's recording date. This is a legal impossibility.** Moreover, the recording date of June 29, 2006 appears to be handwritten, alluding to forgery and fraudulent activity.

34.     Plaintiff is informed and believes that no such lawful and documented beneficiary exists due to the legally impossible and fraudulent Deed Upon Sale.

35.     Defendant does not have the legal right to foreclose upon the Subject Property, nor collect any debts pursuant the Loan.

36.     Defendant's actions have been willful, intentional, and malicious.

37.     As a result of Defendant's actions, Plaintiff has suffered harm. Plaintiff was damaged as a result Defendant's fraudulent actions since Plaintiff made numerous mortgage payments to illegitimate loan servicers and illegitimate entities purporting to be owners of the Loan. As a result of such payments, Defendant has been unjustly enriched while Plaintiff has incurred court fees to enforce her legal rights and has suffered the slander of her representation due to the fact that illegitimate foreclosure proceedings have been attributed to her and reported to credit reporting agencies and bureaus. Plaintiff has also suffered the slander of her representation due to the fact that she has been forced to file Chapter 13 bankruptcy due to the financial plight caused by the Loan. Moreover, Plaintiff has expended unnecessary funds towards foreclosure

prevention and foreclosure alternatives when in actuality, Shellpoint, Dunn, and Homesavers, and Les Ziev do not have the authority to foreclose.

38.     Plaintiff seeks a determination of a fee simple title with respect to the Subject Property as of the date on which this claim was filed.


### 3 CAUSE OF ACTION
Violation of FTC Act, 15 U.S.C. § 45(a)

39.     Paragraphs 1 through 38 are realleged as though fully set forth herein.

40.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive practices in or affecting commerce."

41.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

42.     Defendant made misrepresentations in the following manner:

    a.  On or about April 28, 2008, FCI, the purported trustee of the Loan, recorded a Deed Upon Sale with the San Francisco County Recorder. The Deed Upon Sale states that FCI served as trustor for a deed of trust dated September 13, 2006 and executed by Plaintiff. Moreover, the Deed Upon Sale states that FCI grants its rights and interests in the Subject Property to Dunn (a 99% undivided interest) and to Homesavers (a 1% undivided interest). The Deed Upon Sale goes on to claim the same deed of trust was recorded on June 29, 2006. **The legitimacy of this document is called into question since the purported conveyance date of the deed of trust dated September 13, 2006 is claimed to have taken place more than three months prior to the deed of trust's recording date. This is a legal impossibility.** Moreover, the recording date of June 29, 2006 appears to be handwritten, alluding to forgery and fraudulent activity.

   b.  Moreover, Shellpoint and Les Ziev have alleged that an owner of the loan is
       Homesavers.  However, the California Secretary of State shows no active
       corporation or entity by the name of "Homesavers."

   c.  Shellpoint has communicated to Plaintiff that it has the authority to collect
       payments pursuant the Loan.  In actuality, S does not have the authority to collect
       payments pursuant the Loan because the Deed Upon Sale is legally impossible and
       fraudulent.  Furthermore, Shellpoint refuses to provide valid documentation
       legitimizing its purported role of servicer of the Loan and Dunn and Homesaver's
       purported role as owner of the Loan.

   d.  Via its agent, Les Ziev, Shellpoint has communicated to Plaintiff that it has the
       authority to foreclose upon the Subject Property on a number of occasions by
       scheduling trustee sale dates on various dates, including (but not limited to)
       November 9, 2015; December 9, 2015; and December 22, 2015.  In actuality,
       Shellpoint does not have the authority to collect payments pursuant the Loan
       because the Deed Upon Sale is legally impossible and fraudulent  Furthermore,
       Shellpoint refuses to provide valid documentation legitimizing its purported role of
       servicer of the Loan and Dunn and Homesaver's purported role as owner of the
       Loan.

43.    Such misrepresentations were made with the intent to deceive Plaintiff and induce
Plaintiff's reliance upon the misrepresentations.

44.    Plaintiff justifiably relied on Defendant's omissions and deceptive practices and
suffered damages as a result.

45.    Defendant's statements were directly related to mortgage loans and thus affect
commerce, falling within the scope of FTC Act, 15 U.S.C. § 45(a).

46.     Plaintiff was damaged as a result Defendant's fraudulent actions since Plaintiff made numerous mortgage payments to illegitimate loan servicers and illegitimate entities purporting to be owners of the Loan.  As a result of such payments, Defendant has been unjustly enriched while Plaintiff has incurred court fees to enforce her legal rights and has suffered the slander of her representation due to the fact that illegitimate foreclosure proceedings have been attributed to her and reported to credit reporting agencies and bureaus.  Plaintiff has also suffered the slander of her representation due to the fact that she has been forced to file Chapter 13 bankruptcy due to the financial plight caused by the Loan.  Moreover, Plaintiff has expended unnecessary funds towards foreclosure prevention and foreclosure alternatives when in actuality, Shellpoint, Dunn, and Homesavers, and Les Ziev do not have the authority to foreclose.

## **4 CAUSE OF ACTION**
### Violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605

50.     Plaintiff realleges and incorporate by reference paragraphs 1 to 49 of this Complaint.

51.     Defendant Shellpoint is a servicer of the Loan, a federally related mortgage loan within the meaning of RESPA, 12 U.S.C. §2605.

52.     Shellpoint is a debt collector under the meaning of 12 U.S.C. §2605.

53.     On or about October 26, 2015, Plaintiff sent a written correspondence to Shellpoint constituting a "qualified written request" in an attempt to determine whether or not Shellpoint had the proper authority to foreclose against the Subject Property pursuant the Loan and its accompanying deed of trust.  The correspondence requested pertinent documents pertaining to the loan's origination, as well as assignments and transfers of the Loan and its accompanying deed of trust.  To date, Shellpoint has failed to provide evidence of documentation detailing updated

assignments of ownership or necessary proof of its custodial servicing obligations to the Loan (originally owned by Quick Loans) per RESPA and FDCPA guidelines surrounding mortgage debt validation.  Shellpoint has also failed to provide proof of purchases, affidavits of sale, and proper documentation detailing the restructuring of assignments of the deed of trust.

54.     Plaintiff's written requests for information about Plaintiff's account and requests for validation were ''qualified written requests'' within the meaning of RESPA.

55.     Defendant deliberately failed to respond in a proper and timely way to Plaintiff's ''qualified written requests'' for information, in violation of 12 U.S.C. §2605(e).

56.     Plaintiff suffered damages as a result of Shellpoint's failure to respond to Plaintiff's qualified written requests for information because Plaintiff made numerous mortgage payments to illegitimate loan servicers and illegitimate entities purporting to be owners of the Loan.  As a result of such payments, Defendant has been unjustly enriched while Plaintiff has incurred court fees to enforce her legal rights and has suffered the slander of her representation due to the fact that illegitimate foreclosure proceedings have been attributed to her and reported to credit reporting agencies and bureaus.  Plaintiff has also suffered the slander of her representation due to the fact that she has been forced to file Chapter 13 bankruptcy due to the financial plight caused by the Loan.  Moreover, Plaintiff has expended unnecessary funds towards foreclosure prevention and foreclosure alternatives when in actuality, Shellpoint, Dunn, and Homesavers, and Les Ziev do not have the authority to foreclose.

57.     WHEREFORE, Plaintiff demands judgment against Defendant for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1.      For the Court to issue a temporary restraining order, a preliminary injunction, and/or a permanent injunction enjoining Defendants and its agents from engaging in any foreclosure activity with respect to Subject Property.

2.      For the Court to enter judgment in favor of Plaintiff.

3.      For the Court to award Plaintiff the monetary equivalent of attorney's fees and costs pursuant to *California Code of Civil Procedure* Sections 1021.5 and 1095, or otherwise.

4.      Special damages to account for Plaintiff's severe emotional distress.

5.      Punitive damages due to Defendant's willful and malicious conduct.

6.      For such other and further relief as the Court deems just and proper.

7/26/2016                                        Respectfully submitted,


                                                 _____
                                                 PHYLLIS SPARKS-MAGDALUYO
                                                 Plaintiff *Pro Se*
                                                 216 Bridgeview Drive
                                                 San Francisco, CA 94124

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues raised in the complaint.

7/26/2016

PHYLLIS SPARKS-MAGDALUYO
Plaintiff *Pro Se*
216 Bridgeview Drive
San Francisco, CA 94124

EXHIBIT 1

When Recorded Mail to:

HOMESAVERS
6721 KATELLA AVENUE
CYPRESS, CA 90630

Mail Tax Statements to:
Same as above

*216 Bridgeview Dr.*

Title Order No. 3261938—VO          Trustee Sale No. 40252          Loan No. H399011801

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2008-I573556-00
Acct 3-FIRST AMERICAN Title Company
Tuesday, APR 29, 2008 08:00:00
Ttl Pd    $15.00        Rcpt # 0003446520
REEL J630   IMAGE 0023
                        okc/JL/1-3

*Space above this line for Recorder's Use only*

## TRUSTEE'S DEED UPON SALE

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

APN    LOT: 004 BLK: 5384C
The undersigned grantor declares:
1)   The Grantee herein was the foreclosing beneficiary.
2)   The amount of the unpaid debt together with costs was .......................................... $112,475.12
3)   The amount paid by the grantee at the trustee sale was .......................................... $112,475.12
4)   The documentary transfer tax is ................................................................................ $NONE
5)   Said property is located in the City of SAN FRANCISCO.

and FCI NATIONAL LENDER SERVICES, INC.
(herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to ROBERT T. DUNN, TRUSTEE OF THE DUNN FAMILY TRUST DATED MAY 16, 1997 AS TO AN UNDIVIDED 99% INTEREST AND HOMESAVERS, A CALIFORNIA CORPORATION AS TO AN UNDIVIDED 1% INTEREST BOTH AS TENANTS IN COMMON

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of San Francisco, State of California, described as follows:
SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF.

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 09/13/2006 and executed by MELECIO MAGDALUYO AND PHYLLIS MAGDALUYO, HUSBAND AND WIFE,

as Trustor, and Recorded 9-29, 2006 as Instrument No. 06-I263814-00 in Reel J236, page 0708 of official records of San Francisco County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County.

TRUSTEE SALE GUARANTEE
(CLTA – REV. 1/1989)

ORDER NO: 326193L
REFERENCE NO: 40252
TITLE OFFICER: VANGIE ORTEGA

## EXHIBIT "A"

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA, CITY OF SAN FRANCISCO, COUNTY OF SAN FRANCISCO AND IS DESCRIBED AS FOLLOWS:

PORTION OF BLOCK 5384-C, ACCORDING TO MAP OF FERNANDO NELSON'S SUBDIVISION OF SILVER TERRACE, FILED JANUARY 4, 1940, IN BOOK "N" OF MAPS, PAGES 88 TO 93 INCLUSIVE, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, AND A PORTION OF BRIDGEVIEW DRIVE, NOW CLOSED, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHWESTERLY CURVED LINE OF BRIDGEVIEW WHICH IS PERPENDICULARLY DISTANT 350 FEET NORTHEASTERLY FROM THE SOUTHEASTERLY PROLONGATION OF THE SOUTHWESTERLY LINE OF LOT 7, IN SAID BLOCK 5384-C, RUNNING THENCE NORTHEASTERLY ALONG SAID LINE OF BRIDGEVIEW DRIVE, 25.355 FEET TO A POINT PERPENDICULARLY DISTANT 375 FEET NORTHEASTERLY FROM SAID LINE OF LOT 7 EXTENDED SOUTHEASTERLY; THENCE NORTHWESTERLY PARALLEL WITH SAID SOUTHWESTERLY LINE OF LOT 7, A DISTANCE OF 102.752 FEET TO THE NORTHWESTERLY LINE OF LOT 3 IN SAID BLOCK 5384-C; THENCE SOUTHWESTERLY ALONG SAID LINE OF LOT 3 AND THE NORTHWESTERLY LINE OF LOT 4 IN SAID BLOCK, A DISTANCE OF 25 FEET TO A LINE DRAWN NORTHWESTERLY FROM THE POINT OF BEGINNING, PARALLEL WITH SAID SOUTHWESTERLY LINE OF LOT 7, THENCE SOUTHEASTERLY ALONG THE LINE SO DRAWN 98.577 FEET TO THE POINT OF BEGINNING.

LOT: 004 BLK: 5384C

EXHIBIT 2

Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: 714-848-7920

## NOTICE OF POSTPONEMENT OF TRUSTEE'S SALE

December 8, 2015

ROBERT T. DUNN, TRUSTEE OF THE DUNN FAMILY TRUST DATED MAY 16, 1997 AS TO AN UNDIVIDED 99%
INTEREST AND HOMESAVERS, A CALIFORNIA CORPORATION AS TO AN UNDIVDED 1% INTEREST
216 BRIDGEVIEW DR
SAN FRANCISCO, CA 94124

RE:   T.S. Number:       15-38581
      Loan Number:      0515401239
      Trustor Name:     ROBERT T. DUNN, TRUSTEE OF THE DUNN FAMILY TRUST DATED MAY 16,
                        1997 AS TO AN UNDIVIDED 99% INTEREST AND HOMESAVERS, A
                        CALIFORNIA CORPORATION AS TO AN UNDIVDED 1% INTEREST
      Property Address:  216 BRIDGEVIEW DR
                        SAN FRANCISCO, CA 94124

Please be advised that the Trustee's Sale scheduled for December 9, 2015 at 2:00 PM, At the Van Ness Ave
entrance to the City Hall 400 Van Ness Avenue San Francisco, CA county of San Francisco, State of California, is hereby
continued to December 22, 2015 at 2:00 PM

**YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S
SALE IS POSTPONED. TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU
MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.** You may monitor trustee's sale postponements by
attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent
public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for
postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (714) 848-
9272 or through the following website: www.elitepostandpub.com and by accepting the terms and conditions for that
resource. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC
SALE WITHOUT FURTHER NOTICE.**

Notice of Postponement of the Trustee's Sale was read at the place and time scheduled for the previously scheduled
Trustee's Sale. If you have any questions or concerns regarding this information contained herein, please do not hesitate to
contact our office at 714-848-7920

Sincerely,

LAW OFFICES OF LES ZIEVE

Although we are not a debt collector or collecting on a debt, some states require us to state that this is an attempt to collect a debt, and
any information obtained will be used for that purpose. To the extent that your obligation has been discharged by a bankruptcy court or
is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for
payment or any attempt to collect such obligation.

FOR: PHYLLIS MAGDALUYO

CAME IN MAIL
ALSO ON

Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: 714-848-7920

F POSTPONEMENT OF TRUSTEE'S SALE

November 9, 2015

ROBERT T. DUNN, TRUSTEE OF THE DUNN FAMILY TRUST DATED MAY 16, 1997 AS TO AN UNDIVIDED 99%
INTEREST AND HOMESAVERS, A CALIFORNIA CORPORATION AS TO AN UNDIVDED 1% INTEREST
216 BRIDGEVIEW DR
SAN FRANCISCO, CA 94124

RE:     T.S. Number:          15-38581
        Loan Number:          0515401239
        Trustor Name:         ROBERT T. DUNN, TRUSTEE OF THE DUNN FAMILY TRUST DATED MAY 16,
                              1997 AS TO AN UNDIVIDED 99% INTEREST AND HOMESAVERS, A
                              CALIFORNIA CORPORATION AS TO AN UNDIVDED 1% INTEREST
        Property Address:     216 BRIDGEVIEW DR
                              SAN FRANCISCO, CA 94124

        Please be advised that the Trustee's Sale scheduled for November 9, 2015 at 2:00 PM. At the Van Ness Ave
entrance to the City Hall 400 Van Ness Avenue San Francisco, CA county of San Francisco, State of California, is hereby
continued to December 9, 2015 at 2:00 PM

        **YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S
SALE IS POSTPONED. TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU
MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.** You may monitor trustee's sale postponements by
attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent
public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for
postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (714) 848-
9272 or through the following website: www.elitepostandpub.com and by accepting the terms and conditions for that
resource. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC
SALE WITHOUT FURTHER NOTICE.**

        Notice of Postponement of the Trustee's Sale was read at the place and time scheduled for the previously scheduled
Trustee's Sale. If you have any questions or concerns regarding this information contained herein, please do not hesitate to
contact our office at 714-848-7920

Sincerely,

LAW OFFICES OF LES ZIEVE

Although we are not a debt collector or collecting on a debt, some states require us to state that this is an attempt to collect a debt, and
any information obtained will be used for that purpose. To the extent that your obligation has been discharged by a bankruptcy court or
is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for
payment or any attempt to collect such obligation.

EXHIBIT 3

# California Secretary of State Alex Padilla

Secretary of State Main Website    **Business Programs**    Notary & Authentications    Elections    Campaign & Lobbying

**Business Entities (BE)**

**Online Services**
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information (annual/biennial reports)

Filing Tips

Information Requests (certificates, copies & status reports)

Service of Process

FAQs

Contact Information

**Resources**
- Business Resources
- Tax Information
- Starting A Business

**Customer Alerts**
- Business Identity Theft
- Misleading Business Solicitations

## Business Search - Results

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, May 06, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Results of search for " "HOMESAVERS" " returned 12 entity records.

| Entity Number | Date Filed | Status | Entity Name | Agent for Service of Process |
|---|---|---|---|---|
| C3639235 | 01/22/2014 | DISSOLVED | BLUE DESERT HOMESAVERS, INC. | LEGALZOOM.COM, INC. |
| C1500113 | 12/08/1987 | FTB FORFEITED | CALIFORNIA HOMESAVERS #2, INC. | AL PEPONIS |
| C3240885 | 01/14/2010 | FTB SUSPENDED | DEBT FREE HOMESAVERS INC | VANNESA LY |
| C2674030 | 08/09/2004 | FTB SUSPENDED | HOMESAVERS FINANCIAL NETWORK SOLUTIONS | ANGELIC MARTIN ARTIAGA |
| C2728956 | 04/04/2005 | SOS/FTB SUSPENDED | HOMESAVERS OF AMERICA, INC. | LEGALZOOM.COM, INC. |
| C2413765 | 05/03/2002 | FTB SUSPENDED | HOMESAVERS REAL ESTATE SOLUTIONS, INC. | THOMAS G MCDONALD JR |
| C2690256 | 10/25/2004 | FTB SUSPENDED | HOMESAVERS REALTY AND FINANCIAL SERVICES, INC. | JAKE GUTIERREZ |
| C0737942 | 06/10/1975 | DISSOLVED | HOMESAVERS WARRANTY PLAN, INC. | |
| C1296156 | 01/13/1986 | FTB SUSPENDED | HOMESAVERS, INC. | 1STOPLEGALFORMS, INC. |
| C2873468 | 05/01/2006 | SOS/FTB SUSPENDED | HOMESAVERS, INC. | JACK HUANG |

1 2

Modify Search    New Search

# California Secretary of State Alex Padilla

Secretary of State Main Website    **Business Programs**    Notary & Authentications    Elections    Campaign & Lobbying

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information (annual/biennial reports)

Filing Tips

Information Requests (certificates, copies & status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

## Business Search - Results

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, May 06, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Results of search for " "HOMESAVERS" " returned 12 entity records.

| Entity Number | Date Filed | Status | Entity Name | Agent for Service of Process |
|---|---|---|---|---|
| C3164636 | 09/19/2008 | SOS/FTB SUSPENDED | MERCY & GRACE HOMESAVERS INC. | LEROY HENDERSON JR |
| C1449596 | 11/10/1988 | FTB SUSPENDED | T.P.C. HOMESAVERS, INC. | RICHARD PALMER |

1 2

Modify Search    New Search

Privacy Statement I Free Document Readers
Copyright © 2016    California Secretary of State